**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOM**A

| | |
|---|---|
| 1. AUTUMN S. SLOGGETT, an Individual, )<br><br>Plaintiff, )<br><br>v. )<br><br>1. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a/k/a and/or d/b/a STATE FARM MUT AUTO INS CO, a/k/a and/or d/b/a STATE FARM INSURANCE COMPANY, a/k/a and/or d/b/a STATE FARM, a Foreign for Profit Corporation; 2. METROPOLITAN GROUP PROPERTY AND CASUALTY INSURANCE COMPANY, a/k/a and/or d/b/a METLIFE HOME AND AUTO a/k/a and/or d/b/a METLIFE, a Foreign for Profit Corporation; and 3. JOHN DOE, a Business Entity; and 4. JANE DOE, an Individual, )<br><br>Defendants. ) | No. CJ-2017-2684<br><br>*Honorable Dana Lynn Kuehn*<br><br>No. CIV-18-cv-83-JED-JFJ<br><br>*Honorable John E. Dowdell* |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant, State Farm Mutual Automobile  Insurance

Company ("State Farm"), pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Rule 38(b) of the

Federal Rules of Civil Procedure and Local Civil Court Rule 81.1 of the United States

District Court for the Northern District of Oklahoma, hereby files this Notice of Removal of

this case from the District Court of Tulsa County, Oklahoma, in which court this case is pending, to the United States District Court for the Northern District of Oklahoma, being the district embracing the place where the case is pending.  In support of this Notice of Removal, Defendant states the following:

**Timeliness of Removal**

1.      Plaintiff commenced this action by filing the Petition in the District Court of Tulsa County, on July 7, 2017.  Plaintiff failed to serve the Petition upon any of the parties.

2.      Plaintiff filed an Amended Petition in the District Court of Tulsa County, on January 3, 2018.

3.      State Farm was served via the Oklahoma Insurance Commissioner on January 19, 2018.

4.      In accordance with 28 U.S.C. § 1446(a) and LCvR 81.2, a copy of the Docket Sheet and a clearly legible copy of all documents filed or served in the Tulsa County case are attached to this Notice of Removal as **Exhibit Nos. "1" through "4".**

5.      This removal was effected within 30 days of service of the Amended Petition on State Farm and therefore is timely.  28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344 (1999) (notice of removal is timely under 28 U.S.C. § 1446(b) if filed within 30 days after service of the complaint).

2

## Diversity Jurisdiction

6.      At the time the Amended Petition was filed, at the time of removal and all intervening times, the Plaintiff was (and is) a resident and citizen of the State of Oklahoma.

7.      State Farm is a foreign insurance company incorporated in the State of Illinois and its principal place of business is in the State of Illinois.  State Farm is licensed to do business in the State of Oklahoma.  Therefore, it is deemed to be an Illinois citizen for the purpose of diversity.

8.      Upon information and belief, Defendant Metropolitan Group Property and Casualty Insurance Company, improperly named as Metropolitan Property and Casualty Insurance Company a/k/a and/or d/b/a MetLife Auto & Home, a/k/a and/or d/b/a MetLife, is a corporation organized under the laws of the State of Rhode Island, and its principal place of business is in Rhode Island; therefore, it is deemed to be a Rhode Island citizen for purposes of diversity.

9.      Defendants John Doe and Jane Doe have not been properly joined and served in this matter.  According to 28 U.S.C. § 1441(b), a civil action removable solely on the basis of diversity may not be removed if any of the parties in interest **properly joined and served** as defendants is a citizen of the State in which the action is brought.  "Section 1441(b) allows removal of diversity actions where none of the defendants properly joined and served is a resident of the state in which the action is served."  Wensil v. E.I. Dupont De Nemours and Co., 792 F.Supp. 447, 449 (D.S.C. 1992). At the time of this removal, only State Farm,

which is not an Oklahoma resident, has been served. No other defendant has been properly joined and served.  Thus, there is complete diversity between Plaintiff and Defendant State Farm.

10.     Title 28, United States Code § 1441(a) provides that "[f]or purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded."   The Tenth Circuit has held that, consistent with the text of 28 U.S.C. § 1441(a), the citizenship of "John Doe" defendants should be disregarded when considering the propriety of removal under 28 U.S.C. §§ 1441(a) and 1332. Australian Gold, Inc. v. Hatfield, 436 F.3d 1228, 1235 (10th Cir. 2006).  Other Circuit Courts have also held that "John Does" are disregarded for purposes of removal on the basis of diversity of citizenship. See, e.g., Howell ex rel. Goerdt v. Tribune Entm't Co., 106 F.3d 215, 218 (7th Cir.1997) ("[N]aming a John Doe defendant will not defeat the named defendants' right to remove a diversity case if their citizenship is diverse from that of the plaintiffs."); Alexander v. Electronic Data Sys. Corp., 13 F.3d 940, 948 (6th Cir.1994) ("It is clear that 'Jane Doe' is a fictitious name; no such real person was ever named, and plaintiff never identified the alleged person.... Section 1441(a) compels that this 'named' defendant be disregarded for purposes of diversity jurisdiction.").  Thus, there is complete diversity between Plaintiff and Defendant State Farm, and removal is proper.

11.     Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1332 as there is complete diversity between Plaintiff and State Farm.  Removal is proper pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

## Allegations and Claims in the Amended Petition

12.     According to Plaintiff's Amended Petition, the underlying lawsuit arises out of a bodily injury UM/UIM claim regarding an automobile accident involving Plaintiff and Justin Sloggett, which occurred on or about July 11, 2015.  Plaintiff was a passenger in the vehicle driven by Justin Sloggett, which was involved in a collision with a third party.  The vehicle was insured with a policy of automobile insurance, Policy No. 3616-328-36, issued by State Farm to Justin Sloggett.  Plaintiff alleges she is entitled to benefits under the policy's uninsured motorist coverage and that State Farm improperly denied Plaintiff benefits under the policy.  Plaintiff also contends State Farm's actions in dealing with Plaintiff and handling the claim were in bad faith.  Plaintiff also seeks punitive damages to punish State Farm for its alleged bad faith conduct.

13.     At the time that suit was filed and up to this day, State Farm was continuing its investigation into Plaintiff's claims and to date has made payment under the uninsured motorist coverage to Plaintiff in the amount of $5,000.00 on July 6, 2016, representing an initial offer.

14.     Plaintiff alleges that State Farm breached its contract with Plaintiff and that State Farm breached its duty of good faith and fair dealing.  All of this is denied by State Farm.

5

## Amount in Controversy

15.    State Farm and its counsel represent to this Court their good faith belief that

the amount in controversy is met for the following reasons:

a.    Plaintiff alleges State Farm acted in bad faith and that State Farm breached the insurance contract with Plaintiff.

b.    Plaintiff specifically states in her Amended Petition that she is seeking judgment against State Farm "in excess of Seventy-Five Thousand Dollars ($75,000.00)," which is an amount in excess of the amount required for diversity jurisdiction pursuant to 28 U.S.C. §1332.

c.    Plaintiff's Amended Petition asserts that State Farm's conduct was such that it is claimed to be liable for damages which include actual and punitive damages.

d.    Based on Plaintiff's allegations, prayer for recovery of actual and punitive damages, Plaintiff is seeking judgment against State Farm in an amount exceeding the sum of $75,000.00, together with interest, attorney fees and costs, which is in excess of the amount required for diversity jurisdiction pursuant to 28 U.S.C. §1332.

16.    While State Farm disputes Plaintiff's allegations, State Farm and its counsel

have attempted in good faith to set forth the factual basis for establishing the amount in

controversy in excess of $75,000.00 has been met in accordance with *Laughlin v. Kmart

Corp.*, 50 F.3d 871 (10th Cir. 1995). *See also Schrader v. Farmers Insurance Company*, 2008

6

WL 2782710 (W.D. Okla.) (citing to *McPhail v. Deere & Co*. 529 F.3d 947 (10th Cir. 2008).

17.     Pursuant to 28 U.S.C. § 1446(a), State Farm acknowledges that this Notice of Removal is signed and filed herein pursuant to Rule 11 of the Federal Rules of Civil Procedure.

18.     State Farm and its counsel acknowledge that the timing of this removal is governed by 28 U.S.C. § 1446(b) which provides, in pertinent part:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleadings setting forth the relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable . . . .

State Farm contends that removal is proper based upon the face of the Amended Petition and that said removal has been done so timely.  *See Martin v. Franklin Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001) (holding that a Section 1332(a) removal is appropriate only if the amount-in-controversy requirement is "affirmatively established" on the face of either the state court petition or the notice of removal); *see also* 23 O.S. § 9.1(C)(2)(b); *Meira v.*

*Dairyland Ins. Co.*, 143 F.3d 1337 (10ᵗʰ Cir. 1998); *Salaar v. Geico Ins. Co.*, 2010 WL 2292930 (D.N.M. 2010).

19.      The Tenth Circuit has construed the language of 28 U.S.C. § 1446(b) to mean that "the removal period does not begin until the defendant is able to 'intelligently ascertain removability so that in his petition for removal he can make a simple and short statement of the facts.'" *Huffman v. Saul Holdings Limited Partnership*, 194 F.3d 1072, 1079 (10ᵗʰ Cir. 1999) (quoting *DeBry v. Transamerica Corp.*, 601 F.2d 480, 489 (10ᵗʰ Cir. 1979). The notice of removability must be "unequivocal," and "the circumstances permitting removal must normally come about as a result of a voluntary act on the part of the Plaintiff." *Id.* (citing *DeBry*, 601 F.2d at 486-88).

20.      Upon the face of Plaintiff's Amended Petition, it clearly states that Plaintiff seeks money damages in an amount in excess of the amount required for diversity jurisdiction pursuant to 28 U.S.C. § 1332.

21.      Pursuant to the teachings of *Laughlin, supra*, the removing defendant bears the burden of establishing federal court jurisdiction at the time of removal. *Laughlin*, 50 F.3d at 873. State Farm and its counsel contend that the facts and reasons set forth above support removal.

22.      Pursuant to LCvR 81.1, State Farm demands a jury trial and affirmatively states Plaintiff is put on notice of said demand.

23.     Contemporaneously with the filing of this Notice of Removal, written notice has been served upon the Plaintiff through her counsel of record and a copy of this Notice of Removal has been filed with the District Court of Tulsa County, Oklahoma.

Respectfully submitted,

**WILSON, CAIN & ACQUAVIVA**
300 Northwest 13th Street, Suite 100
Oklahoma City, Oklahoma  73103
Telephone:  (405) 236-2600
Date:  February 8, 2018                  Facsimile:   (405) 231-0062


 s/Joseph T. Acquaviva, Jr.
Joseph T. Acquaviva, Jr., OBA #11743
JTAcqua@aol.com
Brett E. Gray, OBA #21684
Brettg@wcalaw.com
**ATTORNEYS FOR DEFENDANT,**
**STATE FARM MUTUAL AUTOMOBILE**
**INSURANCE COMPANY**

9

## CERTIFICATE OF SERVICE

__X___   I hereby certify that on the 8th day of February, 2018, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

John Paul Truskett
Samuel T. Perrine
Ryan S. Wiehl
Truskett Law Firm, PLLC
2202 E. 49th Street, Suite 400
Tulsa, OK 74105
ryan@truskettlaw.com
john@truskettlaw.com
Samuel@trustkettlaw.com
**ATTORNEY FOR PLAINTIFF**

I hereby certify that on the            day of            , 2018, I served the attached document by certified mail, return receipt requested, with proper postage prepaid thereon to the following:

 s/Joseph T. Acquaviva, Jr.               
Joseph T. Acquaviva, Jr.
Brett E. Gray

10