



*1039084067*

# IN THE DISTRICT COURT OF TULSA COUNTY
## STATE OF OKLAHOMA

AUTUMN S. SLOGGETT, an individual,

Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a/k/a and/or d/b/a STATE FARM MUT AUTO INS CO, a/k/a and/or d/b/a STATE FARM INSURANCE COMPANY, a/k/a and/or d/b/a STATE FARM, a Foreign For Profit Corporation, METROPOLITAN GROUP PROPERTY AND CASUALTY INSURANCE COMPANY, a/k/a and/or d/b/a METLIFE HOME AND AUTO a/k/a and/or d/b/a/ METLIFE, a Foreign For Profit Corporation, and JOHN DOE, a business entity, and JANE DOE, an individual

Defendants.

Case No. CJ-2017-02684

The Honorable Dana Lynn Keuhn

**DISTRICT COURT**
**F I L E D**

JAN – 3 2018

**DON NEWBERRY, Court Clerk**
STATE OF OKLA. TULSA COUNTY

### AMENDED PETITION

Plaintiff alleges and states as follows:

1.    Plaintiff was at all material times a resident of Tulsa County, Oklahoma.

2.    Defendant Justin Sloggett (herein "Defendant J.S.") was at all material times upon information and belief a resident of Tulsa County, Oklahoma.

3.    Defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a/k/a and/or d/b/a STATE FARM MUT AUTO INS CO, a/k/a and/or d/b/a STATE FARM INSURANCE COMPANY, a/k/a and/or d/b/a STATE FARM, a foreign property and casualty insurance company, (hereinafter "State Farm" or "State Farm Insurance Company"), is a mutual automobile insurance company licensed to do business in Tulsa County, Oklahoma.

4.    Defendant METROPOLITAN GROUP PROPERTY AND CASUALTY INSURANCE COMPANY, a/k/a and/or d/b/a METLIFE HOME AND AUTO a/k/a and/or d/b/a/ METLIFE (hereinafter "Defendant Metlife"), a foreign property and casualty insurance company, hereinafter "State Farm" or "State Farm Insurance Company," is a mutual automobile insurance company licensed to do business in Tulsa County, Oklahoma.

5.    Defendant John Doe, a business entity, is a business whose identity is unknown now, but may be revealed through the course of discovery.  Defendant John Doe is an entity that transacts business/engages in commerce on a regular basis in Oklahoma, and the claims alleged here arise out of the Defendant John Doe's actions and/or inactions in Oklahoma.



1

6.      Defendant Jane Doe, an individual, is a person residing in Oklahoma whose identity is unknown at this time, but may be revealed through the course of discovery.

7.      This motor vehicle crash occurred in Tulsa County, OK on about 07/11/2015.

8.      This Court has jurisdiction over this matter.

9.      Defendant J.S. failed to yield.

10.     Defendant J.S. failed to pay attention while driving.

11.     Defendant J.S. failed to remain alert while driving.

12.     Defendant J.S. caused a rear-end crash.

13.     Plaintiff was injured in the wreck.

14.     Plaintiff was a no fault passenger.

15.     Plaintiff made no improper action.

16.     Tulsa Police department arrived to the scene of the wreck.

17.     An ambulance was called to the scene of the wreck.

18.     Defendant's vehicle was towed from the wreck.

19.     A driver must yield to traffic with the right of way.

20.     A driver must remain alert while driving.

21.     A driver must pay attention while driving.

22.     Defendant J.S. violated a safety rule.

23.     Defendant J.S. directly caused injuries and damages to Plaintiff.

24.     Defendant J.S. breached duties owed to Plaintiff.

25.     Defendant J.S. was negligent, negligent *per se* and/or is liable under *res ipsa loquitur* because Defendant violated and/or breached applicable statute(s), law(s), and/or ordinance(s), which directly caused injury to Plaintiff.

26.     Defendant J.S. had the responsibility to drive as a reasonably prudent driver on the date and time of this wreck.

27.     Defendant J.S. had the responsibility to follow safety rules on the date and time of this wreck.

28.     Defendant J.S. violated Defendant's responsibilities on the date and time of the wreck.

29.     Defendant J.S. was negligent.

30.     On or about 07/11/2015 Defendant J.S. was an underinsured motorist.

31.     On or about 07/11/2015, Defendant State Farm Insurance Company had in full force and effect a policy of automobile insurance and said policy of insurance provided for uninsured motorist coverage.

32.     Plaintiff is an insured under the policy of insurance issued by the Defendant insurance company and is entitled to the benefits of the uninsured motorist coverage provided by said policy.

33.     That on 07/11/2015, in Tulsa County, Oklahoma the Plaintiff were insured under the policy with State Farm Insurance Company, policy number 3623616328, with benefits of $25,000.00 per person, $50,000.00 per wreck.

34. Under the terms and conditions of the contract, Defendant State Farm Insurance Company agreed to pay an insured damages as a result of a wreck with an uninsured motorist up to the policy limits.

35. Plaintiff made numerous demands for payment under the contract.

36. Defendant State Farm Insurance Company has improperly denied payment of benefits in breach of its obligations to Plaintiff.

2

37. Defendant State Farm Insurance Company has failed, refused, and/or neglected to pay the contract benefits.

38. That Defendant State Farm Insurance Company's failure to honor the insurance contract has forced Plaintiff to institute this litigation to recover amounts due under the insurance policy.

39. Defendant State Farm Insurance Company has refused and/or failed to fairly evaluate the injuries sustained by the Plaintiff.

40. Defendant State Farm Insurance Company has refused and/or failed to fairly and/or reasonably evaluate the injuries sustained by the Plaintiff.

41. Defendant State Farm Insurance Company has refused and/or failed to fairly and/or reasonably investigate the injuries sustained by the Plaintiff.

42. Defendant State Farm Insurance Company has failed to make good faith offers to settle and pay Plaintiff's claims under the terms of their insurance policy.

43. By the actions and/or omissions of Defendant State Farm Insurance Company, the Plaintiff have been left with no option for remedy other than filing this lawsuit.

44. Defendant State Farm Insurance Company's actions are in direct violation of 36 O.S. § 1250.5(13).

45. Defendant State Farm Insurance Company's actions are in violation of the terms of Plaintiff's automobile insurance policy.

34. On or about 07/11/2015, Defendant MetLife had in full force and effect a policy of automobile insurance and said policy of insurance provided for uninsured motorist coverage.

35. Plaintiff is a covered individual under the policy of insurance issued by the Defendant insurance company and is entitled to the benefits of the uninsured motorist coverage provided by said policy.

36. That on 07/11/2015, in Tulsa County, Oklahoma the Plaintiff was covered under the policy with MetLife, policy number 8993003131, with benefits of $100,000.00 per person, $200,000.00 per wreck.

46. Under the terms and conditions of the contract, Defendant MetLife agreed to pay an insured damages as a result of a wreck with an uninsured motorist up to the policy limits.

47. Plaintiff made numerous demands for payment under the contract.

48. Defendant MetLife has improperly denied payment of benefits in breach of its obligations to Plaintiff.

49. Defendant MetLife has failed, refused, and/or neglected to pay the contract benefits.

50. That Defendant MetLife's failure to honor the insurance contract has forced Plaintiff to institute this litigation to recover amounts due under the insurance policy.

51. Defendant MetLife has refused and/or failed to fairly evaluate the injuries sustained by the Plaintiff.

52. Defendant MetLife has refused and/or failed to fairly and/or reasonably evaluate the injuries sustained by the Plaintiff.

53. Defendant MetLife has refused and/or failed to fairly and/or reasonably investigate the injuries sustained by the Plaintiff.

54. Defendant MetLife has failed to make good faith offers to settle and pay Plaintiff's claims under the terms of their insurance policy.

55. By the actions and/or omissions of Defendant MetLife, the Plaintiff have been left with no option for remedy other than filing this lawsuit.

56. Defendant MetLife's actions are in direct violation of 36 O.S. § 1250.5(13).

57. Defendant MetLife's actions are in violation of the terms of Plaintiff's automobile insurance policy.

58. Defendants' actions are in violation of Oklahoma law.

59. Liability is reasonably clear in this crash.

60. Defendant State Farm Insurance Company violated 36 O.S. § 1250.5 (4).

61. Defendant MetLife violated 36 O.S. § 1250.5 (4).

62. Because of Defendants' conduct, Plaintiff has suffered economic distress as well as economic loss due to the loss of time, value of money and use of the money damages Plaintiff is entitled to, but denied by Defendant State Farm Insurance Company.

63.   Defendants' actions and omissions are in bad faith and contrary to law.

64. As a direct result of the actions and/or omissions of Defendants, Plaintiff was injured and suffered damages.

65. As a direct result of Defendants 'unlawful actions and/or omissions, violations of Oklahoma law, and failure to act in good faith, Plaintiff is entitled to punitive damages in excess of $75,000.


WHEREFORE, Plaintiff prays for judgment against Defendant in an amount in excess of $75,000, punitive damages, to deter wrongful conduct, promote safety, pre-judgment interest, post-judgment interest, attorney's fees, costs, expenses, any all other relief which this Court deems just and proper.

ATTORNEY FEE CLAIMED
JURY TRIAL DEMANDED
ATTORNEY LIEN CLAIMED
PRE AND POST-JUDGMENT INTEREST

Respectfully submitted,

Ryan S. Wiehl, OBA #32893
John Paul Truskett, OBA # 20550
Samuel T. Perrine, OBA # 32165
Truskett Law Firm, P.L.L.C.
2202 E. 49th St., Ste. 400
Tulsa, OK 74105
Office: (918) 392-5444
Fax: (918) 856-3676
Email: john@truskettlaw.com